## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GUCCI AMERICA, INC.,

        Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Gucci America, Inc. ("Plaintiff" or "Gucci") hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, offering for sale, selling, and/or distributing goods bearing and/or using counterfeits and confusingly similar imitations of Gucci's trademarks within this district through various Internet based e-commerce stores operating under the seller names set forth on Schedule "A" (the "E-commerce Store Names"). In support of its claims, Gucci alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Gucci's state

law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least, the e-commerce stores accessible and doing business in Florida and operating under their E-commerce Store Names. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

**THE PLAINTIFF**

4.      Gucci is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at 195 Broadway, 12th Floor, New York, New York 10007. Gucci operates boutiques throughout the world, including within this district. Gucci is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high-quality goods under multiple world famous common law and federally registered trademarks, including those identified below. Gucci offers for sale and sells its trademarked goods within the State of Florida, including this district, and throughout the United States. Defendants, through the offer to sell and sale of counterfeit and

infringing Gucci branded products, are directly, and unfairly, competing with Gucci's economic interests in the United States, including within the State of Florida, and causing Gucci irreparable harm and damage within this jurisdiction.

5.      Like many other famous trademark owners, Gucci suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Gucci's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores.  The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with the Gucci name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, each year Gucci expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement.  The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires companies, such as Gucci, to expend significant resources across a wide spectrum of efforts in order to protect both consumers and itself from confusion and erosion of the goodwill embodied in Gucci's brand.

## THE DEFENDANTS

7.      Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to

consumers as well as shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial Internet based e-commerce stores under the E-commerce Store Names.

8.      Certain Defendants operate under their respective E-commerce Store Name in tandem with social media or image hosting websites and electronic communication via private messaging applications and/or services, thereby creating an interconnected ecosystem which functions as an online marketplace operation.

9.      Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

10.     Defendants are the past and/or present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of Gucci's trademarks as described herein.

11.     Defendants directly engage in unfair competition with Gucci by advertising, offering for sale, and selling goods each bearing and/or using counterfeits and infringements of one or more of Gucci's trademarks to consumers within the United States and this district through e-commerce stores using, at least, the E-commerce Store Names, as well as additional e-commerce store or seller identification aliases not yet known to Gucci. Defendants have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Gucci branded goods into the State.

12.     Defendants have registered, established or purchased, and maintained their E-commerce Store Names.  Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the E-commerce Store Names by providing false and/or misleading information to the relevant e-commerce platforms where they offer to sell and/or sell.

13.     Defendants will likely continue to register or acquire new e-commerce store names or other aliases, as well as related payment accounts, for the purpose of offering for sale and/or selling goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Gucci's trademarks unless preliminarily and permanently enjoined.

14.     Defendants' E-commerce Store Names, associated payment accounts, and any other alias e-commerce store or seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Gucci's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement schemes and cause harm to Gucci. Moreover, Defendants are using Gucci's famous brand name and/or associated trademarks to drive Internet consumer traffic to their e-commerce stores operating under the E-commerce Store Names, thereby increasing the value of the E-commerce Store Names and decreasing the size and value of Gucci's legitimate marketplace and intellectual property rights at Gucci's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

15.     Gucci is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Gucci Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| GUCCI | 0,876,292 | September 9, 1969 | IC 006 – vacuum bottles, vanity cases sold empty.<br><br>IC 018 – pocketbooks, wallets, travel and duffel bags, attache cases, toilet cases sold empty and shoe bags.<br><br>IC 025 – shoes and boots. |
|  | 1,106,722 | November 21, 1978 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, and bathing suits. |
|  | 1,107,311 | November 28, 1978 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, partly and wholly of leather, key cases, passport cases, cosmetic cases, attache cases, valises, suitcases, duffles. |
| <br>(Green Red Green Stripe Design) | 1,122,780 | July 24, 1979 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, attache cases, valises, suitcases, duffles, and key cases. |
|  | 1,158,170 | June 23, 1981 | IC 025 – clothing-namely, neckties, scarves, belts, footwear, shirts, coats, hats, dresses, and bathing suits. |
| GUCCI | 1,168,477 | September 8, 1981 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| GUCCI | 1,340,599 | June. 11, 1985 | IC 014 – jewelry-namely, earrings, made wholly or in part of precious metal. |
| <br>(Green Red Green Stripe Design) | 1,483,526 | April 5, 1988 | IC 025 – footwear. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| (Blue Red Blue Stripe Design) | 1,495,863 | July 12, 1988 | IC 025 – footwear. |
| (Blue Red Blue Stripe Design) | 1,511,774 | November 08, 1988 | IC 018 – purses, handbags, shoulder bags, clutch bags, tote bags. |
| | 3,039,629 | January 10, 2006 | IC 025 – footwear and belts. |
| | 3,039,630 | January 10, 2006 | IC 018 – wallets, purses, handbags, tote bags, business card cases, credit card cases and key cases, partly or wholly of leather. |
| *Gucci* | 3,061,918 | February 28, 2006 | IC 018 – Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, duffel bags, business card cases, calling card cases, credit card cases, name card cases, key cases. |
| | 3,072,547 | March 28, 2006 | IC 025 – neckties, scarves, belts, footwear and gloves. |
| | 3,072,549 | March 28, 2006 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 3,376,129 | January 29, 2008 | IC 018 – wallets, purses, handbags, shoulder bags, tote bags, business card cases, credit card cases, partly and wholly of leather, suitcases and duffles. |
|  | 3,378,755 | February 5, 2008 | IC 014 – jewelry and watches.<br><br>IC 016 – agendas and notebooks.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles.<br><br>IC 025 – scarves, belts, footwear, shirts, sweaters, coats, suits. |
|  | 3,470,140 | July 22, 2008 | IC 006 – metal key rings.<br><br>IC 014 – jewelry, namely, earrings, pendants, rings, necklaces and watches; key rings of precious metal.<br><br>IC 025 – apparel, namely, neckties, scarves, shirts, sweaters, coats, hats, dresses, bathing suits, and gloves. |
|  | 4,220,947 | October 9, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 4,229,081 | October 23, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attache cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |
|  | 4,349,908 | June 11, 2013 | IC 026 – hair accessories, namely, hair bands and hair holders.<br><br>IC 009 – cases and covers for mobile phones and mobile communication devices. |
| <br>(Green Red Green Stripe Design) | 4,379,039 | August 6, 2013 | IC 025 – shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, belts. |
| GUCCI | 4,555,576 | June 24, 2014 | IC 014 – jewelry. |
|  | 4,563,071 | July 08, 2014 | IC 009 – protective covers and cases for mobile electronic communication devices and computers.<br><br>IC 014 – watches. |
| GUCCI | 4,563,098 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic communication devices and computers; computer application software for all mobile devices, namely, software for providing information in the field of fashion, the arts and lifestyle. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| GUCCI | 4,563,132 | July 8, 2014 | IC 018 – handbags, shoulder bags, clutch bags, tote bags, briefcases, business card cases, credit card cases, backpacks, key cases, passport cases, cosmetic cases sold empty, valises, suitcases, luggage, all the foregoing being made in whole or in part of leather. |
| (Green Red Green Stripe Design) | 4,567,112 | July 15, 2014 | IC 009 – eyeglasses and sunglasses; protective covers and cases for mobile electronic communication devices and computers; cell phone straps; computer carrying cases.<br><br>IC 014 – jewelry and key rings of precious metal.<br><br>IC 018 – Cosmetic cases sold empty, luggage, duffle bags. |
|  | 4,583,258 | August 12, 2014 | IC 009 – protective covers and cases for mobile electronic communications devices and computers; computer cases made of leather.<br><br>IC 014 – watches.<br><br>IC 018 – backpacks, general purpose trolley bags; baby bags, namely, bags for carrying babies' accessories.<br><br>IC 025 – clothing, namely, shirts and jackets. |
|  | 5,073,022 | November 1, 2016 | IC 018 – handbags and wallets.<br><br>IC 025 – belts and footwear. |
|  | 5,235,368 | July 04, 2017 | IC 018 – handbags, shoulder bags, tote bags and wallets.<br><br>IC 025 – footwear, belts and boots. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|-----------|--------------------|--------------------|----------------------|
| (Blue Red Blue Stripe Design) | 5,688,492 | March 05, 2019 | IC 025 – clothing, namely, sweaters, shirts, tops, jackets, coats, skirts, pants, jeans, shorts, dresses, belts and hats. |
| GUCCI | 5,921,104 | November 26, 2019 | IC 009 – cases and covers for mobile phones.<br><br>IC 018 – handbags; shoulder bags; messenger bags; tote bags; clutch bags; backpacks; duffle bags; wallets; business card cases; leather credit card cases and holders; pouches of leather.<br><br>IC 025 – clothing, namely, tops as clothing, scarves, footwear, headwear; children's and infants' cloth bibs. |
| GUCCI | 5,921,105 | November 26, 2019 | IC 009 – cases and covers for mobile phones.<br><br>IC 014 – key rings.<br><br>IC 018 – handbags; shoulder bags; messenger bags; tote bags; clutch bags; backpacks; duffle bags; wallets; business card cases; leather credit card cases and holders; pouches of leather.<br><br>IC 025 – clothing, namely, tops as clothing, scarves, belts, footwear, headwear; children's and infants' cloth bibs. |

The Gucci Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above.   True and correct copies of the Certificates of Registration for the Gucci Marks are attached hereto as Composite Exhibit "1."

16.     The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high-quality goods for an extended period of time.

17.     The Gucci Marks have been used in commerce by Gucci long prior in time to Defendants' use of copies of those Marks.  The Gucci Marks have never been assigned or licensed to any of the Defendants in this matter.

18.     The Gucci Marks are symbols of Gucci's quality, reputation and goodwill and have never been abandoned.  Gucci has carefully monitored and policed the use of the Gucci Marks.

19.     The Gucci Marks are well known and famous and have been for many years. Gucci expends substantial resources developing, advertising and otherwise promoting the Gucci Marks and products bearing the Gucci Marks. The Gucci Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

20.     Further, Gucci extensively uses, advertises, and promotes the Gucci Marks in the United States in association with the sale of high-quality goods. Gucci expends substantial resources promoting the Gucci Marks and products bearing the Gucci Marks.

21.     As a result of Gucci's efforts, members of the consuming public readily identify merchandise bearing or sold using the Gucci Marks as being high-quality goods sponsored and approved by Gucci.

22.     Accordingly, the Gucci Marks have achieved secondary meaning among consumers as identifiers of high-quality goods.

23.     Genuine goods bearing and/or using the Gucci Marks are widely legitimately advertised, promoted, and offered for sale by Gucci, its authorized distributors, and unrelated third parties via the Internet.  Visibility on the Internet, particularly via Internet search engines

and social media platforms, is important to Gucci's overall marketing and consumer education efforts. Thus, Gucci expends significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow Gucci and its authorized retailers to educate consumers fairly and legitimately about the value associated with the Gucci brand and the goods sold thereunder and the problems associated with the counterfeiting of Gucci's trademarks.

**Defendants' Infringing Activities**

24.     Defendants are each promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Gucci Marks (the "Counterfeit Goods") through at least the e-commerce stores operating under the E-commerce Store Names.  Specifically, Defendants are each using the Gucci Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the E-commerce Store Names. Defendants are each using identical copies of one or more of the Gucci Marks for different quality goods. Gucci has used the Gucci Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Gucci's merchandise.

25.     Defendants' Counterfeit Goods are of a quality substantially different than that of Gucci's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, offering for sale, and/or selling substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Gucci, despite Defendants' knowledge that they are without authority to use the Gucci Marks.  Defendants' actions are likely to cause confusion of consumers at the

time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by Gucci.

26.    Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public via e-commerce stores on, at least, the E-commerce Store Names. In so doing, Defendants improperly and unlawfully use one or more of the Gucci Marks without Gucci's permission.

27.    Defendants are concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the Gucci Marks. Specifically, Defendants are using counterfeits and infringements of Gucci's famous name and the Gucci Marks, or variations thereof, to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both Gucci and non-Gucci goods and information online. By their actions, Defendants are jointly contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Gucci's genuine goods. Defendants are causing individual, concurrent and indivisible harm to Gucci and the consuming public by (i) depriving Gucci and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of Gucci's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Gucci Marks by viewing inferior products in either the pre or post sale setting, and/or (iii) increasing Gucci's overall cost to market its goods and educate consumers about its brand via the Internet.

28.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Gucci and the consuming public for Defendants' own benefit.

29.     At all times relevant hereto, Defendants have had full knowledge of Gucci's ownership of the Gucci Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

30.     Defendants' use of the Gucci Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Gucci's consent or authorization.

31.     Defendants are engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Gucci's rights for the purpose of trading on Gucci's goodwill and reputation.

32.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive consumers and the public into believing there is a connection or association between Gucci's genuine goods and Defendants' Counterfeit Goods, which there is not.

33.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to Gucci and the overall consumer market in which they operate because of Defendants' concurrent actions.

34.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Gucci.

35.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their E-commerce Store Names, and any other alias e-commerce store names being used and/or controlled by them.

36.     Further, Defendants, upon information and belief, are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Gucci.

37.     Gucci has no adequate remedy at law.

38.     Gucci is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the Gucci Marks.  If Defendants' intentional counterfeiting, infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

39.     The harm and damages sustained by Gucci has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

40.     Gucci hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 39 above.

41.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Gucci Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

42.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Gucci Marks.  Defendants are continuously infringing and inducing others to infringe the Gucci Marks by using one or more of them to advertise, promote, offer to sell, and sell counterfeit and infringing Gucci branded goods.

43.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

44.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Gucci and are unjustly enriching Defendants with profits at Gucci's expense.

45.     Defendants' above-described unlawful actions constitute counterfeiting and infringement of the Gucci Marks in violation of Gucci's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Gucci has suffered and will continue to suffer irreparable injury and damages while Defendants are unjustly profiting due to their above-described concurrent activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

47.     Gucci hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 39 above.

48.     Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of one or more of the Gucci Marks have been widely advertised and offered for sale throughout the United States via the Internet.

49.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of one of the Gucci Marks are virtually identical in appearance to Gucci's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

50.     Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or symbols and designs, which falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Gucci's detriment.

51.     Defendants have each authorized infringing uses of one or more of the Gucci Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods they advertise and sell are genuine, non-infringing goods.

52.     Additionally, Defendants are simultaneously using counterfeits and infringements of one or more of the Gucci Marks to unfairly compete with Gucci and others for space within

organic and paid search engine and social media results.  Defendants are thereby jointly (i) depriving Gucci of valuable marketing and educational space online which would otherwise be available to Gucci and (ii) reducing the visibility of Gucci's genuine goods on the World Wide Web and across social media platforms.

53.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54.     Gucci has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by Defendants' concurrent conduct. Absent the entry of an injunction by this Court, Gucci will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages, while Defendants are earning a substantial profit.

## COUNT III - COMMON LAW UNFAIR COMPETITION

55.     Gucci hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 39 above.

56.     This is an action against Defendants based on their promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using marks that are virtually identical to one or more of the Gucci Marks in violation of Florida's common law of unfair competition.

57.     Specifically, Defendants are each promoting and otherwise advertising, selling, offering for sale and distributing goods bearing and/or using counterfeits and infringements of one or more of the Gucci Marks. Defendants are also each using counterfeits and infringements of one or more of the Gucci Marks to unfairly compete with Gucci and others for (i) space in

search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

58.     Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' e-commerce stores as a whole and all products sold therein by their use of the Gucci Marks.

59.     Gucci has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages because of Defendants' concurrent actions while Defendants are unjustly profiting due to their above-described activities if Defendant is not preliminarily and permanently enjoined.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

60.     Gucci hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 39 above.

61.     Gucci is the owner of all common law rights in and to the Gucci Marks.

62.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods using one or more of the Gucci Marks.

63.     Specifically, each Defendant is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Gucci Marks.

64.     Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using the Gucci Marks.

65.     Gucci has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages because of Defendants' concurrent actions while Defendants are unjustly profiting due to their above-described activities if Defendant is not preliminarily and permanently enjoined.

## PRAYER FOR RELIEF

66.     WHEREFORE, Gucci demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Gucci Marks; from using the Gucci Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Gucci; from falsely representing themselves as being connected with Gucci, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Gucci; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Gucci Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or

representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Gucci, or in any way endorsed by Gucci and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Gucci's name or trademarks and from otherwise unfairly competing with Gucci.

b.     Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of the Gucci Marks.

c.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Gucci's request, those acting in concert or participation as service providers to Defendants, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Names, through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of the Gucci Marks.

d.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Gucci's request, any Internet marketplace website operators, administrators, registrars, and/or top level domain (TLD) Registries for the E-commerce Store Names and any other alias e-commerce store names being used by Defendants who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendants' E-commerce Store Names.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Gucci to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses that are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits, and/or infringements of the Gucci Marks.

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority authorizing Gucci to serve the injunction on the e-commerce store's registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose to Gucci the true identities and contact information for the registrants of the E-commerce Store Names.

g.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Gucci's request, Defendants and the top level domain (TLD) Registry for each of the E-commerce Store Names, or their administrators, including backend registry operators or administrators, place the E-commerce Store Names, and any other e-commerce store names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Gucci Marks, on Registry Hold status for the remainder of the registration period for any such e-commerce store, thus removing them from the TLD zone files which link the E-commerce Store Names, and any other e-commerce store names used by Defendants, to the IP addresses where the associated e-commerce store names are hosted.

h.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority canceling for the life of the current registration or, at Gucci's

election, transferring the E-commerce Store Names and any other e-commerce store names used by Defendants to engage in their counterfeiting of the Gucci Marks at issue to Gucci's control so they may no longer be used for unlawful purposes.

i.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing Gucci to request any Internet search engines or service provider referring or linking users to any Uniform Resource Locator ("URL") of the E-commerce Store Names, which are provided with notice of the order, to permanently disable, de-index or delist all URLs of the E-commerce Store Names and/or permanently disable the references or links to all URLs of the E-commerce Store Names used by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Gucci Marks, based upon Defendants' unlawful activities being conducted via the E-commerce Store Names as a whole and via any specific URLs identified by Gucci.

j.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s) to assign all rights, title, and interest, to their E-commerce Store Name(s), and any other e-commerce store names used by Defendants, to Gucci and, if within five (5) days of entry of such Order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority requiring Defendants, their agent(s) or assign(s) to instruct in writing all search engines to permanently delist or deindex the E-commerce Store Name(s), any other e-commerce store names used by Defendants, and, if within five (5) days of entry of such Order Defendants fails to

make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

l.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s) to instruct the Registrar(s) for each E-commerce Store Name(s) in writing to permanently close the registration account(s) in which any E-commerce Store Name(s) are located and, if within five (5) days of entry of such Order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

m.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Gucci's request, any messaging service and Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Gucci Marks via the e-commerce stores operating under the E-commerce Store Names, and upon Gucci's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Gucci Marks associated with or linked to the same sellers or linked to any other alias e-commerce store names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Gucci Marks.

n.      Entry of an Order requiring, upon Gucci's request, Defendants to request in writing permanent termination of any messaging services, e-commerce store names,

usernames, and social media accounts they own, operate, or control on any messaging service, e-commerce marketplace, and social media website.

o.      Entry of an Order requiring Defendants to account to and pay Gucci for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. §1117, or that Gucci be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

p.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Gucci's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

q.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Gucci's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names, or other alias e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Gucci in partial satisfaction of the monetary judgment entered herein.

r.      Entry of an award of pre-judgment interest on the judgment amount.

s.      Entry of an Order requiring Defendants, at Gucci's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

t.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: July 16, 2024.                    Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud

Attorneys for Plaintiff
GUCCI AMERICA, INC.

## SCHEDULE "A"

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**